**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAVID A. GABALDON,

          Plaintiff,

v.                                                   No. 17cv124 MCA/WPL

STATE OF NEW MEXICO COUNTY OF
BERNALILLO IN THE METROPOLITAN
COURT,

          Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

    **THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 25, 2017 ("Application"), and on his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed January 25, 2017 ("Complaint"). For the reasons stated below, will **DISMISS** this case **without prejudice** and **DENY** Plaintiff's Application as moot.

    Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Although Plaintiff styled this case "David A. Gabaldon v. State of New Mexico County of Bernalillo in the Metropolitan Court," *see* Complaint at 1, 7, there are no claims against the State of New Mexico or the County of Bernalillo. It appears that Plaintiff's only claims are against the Metropolitan Court. *See* Complaint at 7 ("I now file federal suit [in] united states federal court house against the other court house"). Plaintiff's Complaint, which is difficult to understand, alleges that Plaintiff filed a civil action in Metropolitan Court against a phone company for fraud. *See* Complaint at 7. The Metropolitan Court denied Plaintiff's application

for free service of process and his request for a search warrant for the phone company's records. In addition, the Metropolitan Court apparently would not waive the $100 jury fee.   *See* Complaint at 8.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.   *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").   Plaintiff's Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.

The Court does not have jurisdiction over this matter.   *See Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).   Defendant Metropolitan Court, as an arm of the State, is immune from Section 1983 suits. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court."   *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).    There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity.   Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued."   *Id.* at 1181.   Neither exception applies in this case.   "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983."   *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)); *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle*

*Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits.").   Second, Plaintiff does not allege in his complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case.

The Court will dismiss the Complaint without prejudice for lack of jurisdiction.   *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**IT IS ALSO ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 25, 2017, is **DENIED as moot.**


_____
**M. CHRISTINA ARMIJO**
**CHIEF UNITED STATES DISTRICT JUDGE**